IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Kevin Morris** | ) | |
|     Plaintiff | ) | C. A. File No. |
| | ) | 4:19-cv- |
| v. | ) | |
| | ) | |
| **East Mount Business, LLC, and** | ) | Jury Trial Requested |
| **Rahim Momin** | ) | |
|     Defendants | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF, Kevin Morris, and complains of East Mount Business, LLC, and Rahim Momin (collectively, "Defendants"), and for cause of action, would respectfully show the Honorable Court as follows:

### INTRODUCTION AND SUMMARY OF SUIT

1. Mr. Morris brings this civil action to recover unpaid overtime and straight-time wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Defendants own and operate gasoline stations and convenience stores. Mr. Morris worked for the Defendants as a security guard and clerk. Although Mr. Morris worked overtime hours, he did not receive any overtime wages. Additionally, Mr. Morris worked for the Defendants at a pay rate ($200 a week) that falls below the prevailing minimum wage rate.

3. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime and straight-time wages. *See* 29 U.S.C. §§ 206, 207 and 216(b).

### SUBJECT MATTER JURISDICTION AND VENUE

4. Mr. Morris brings this action to recover unpaid overtime and straight-time wages from the Defendants pursuant to the FLSA, a federal statute that confers subject matter jurisdiction

upon the Court. *See* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff, **Kevin Morris**, is a resident of Harris County, Texas.

7. Defendant, **East Mount Business, LLC**, is a business operating in the State of Texas and is doing so for the purpose of accumulating monetary profit. This Defendant may be served with summons and complaint by serving its duly appointed registered agent, Mr. Rahim Momin, at his residence located at 2610 Chillingham Court, College Station, Texas 77845, or at any other address where he may be found.

8. Defendant, **Rahim Momin**, is an individual who may be served at his residence located at 2610 Chillingham Court, College Station, Texas 77845, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff. Further, this Defendant resides, and is engaged in business, in the State of Texas.

9. Whenever in this complaint it is alleged that the one or more of the above named defendants committed any act or omission, it is meant that in addition to the defendants, defendants' agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such defendant or was done in the routine normal course and scope of employment of defendants' agents, servants, or employees.

## FLSA COVERAGE

10. At all material times, each Defendant has been an "employer" within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

11. At all material times, Mr. Morris has been an "employee" within the meaning of 29 U.S.C. § 203(e).

12. At all material times, Defendants have been an "enterprise" within the meaning of 29 U.S.C. § 203(r).

13. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Further, Defendants have had, and continue to have, annual gross business volume in excess of the statutory standard.

15. At all material times, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206-207.

## FACTS

16. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

17. During the relevant period, Defendants have been subject to the requirements of the FLSA, 29 U.S.C. § 201 *et seq*.

18. Defendants employed Mr. Morris as a security guard and clerk at their Valero branded gasoline station and convenience store from June 17, 2018 until March 22, 2019.

19. As a security guard and store clerk, Mr. Morris performed duties that included securing the premises, stocking the shelves with merchandise, assisting customers with purchases, and upkeep and cleaning of the premises.

20. Mr. Morris typically worked 63 hours a week for the Defendants. From 12:00 a.m. to 5:00 a.m. each day, Mr. Morris worked as a security guard. From 10:00 a.m. to 12:00 p.m. and 5:00 p.m. to 7:00 p.m. each day, Mr. Morris worked as a clerk.

21. For all of these hours worked, Mr. Morris received a fixed wage of $200.00 a week.

22. Mr. Morris now seeks from the Defendants all unpaid overtime wages, and additionally, the shortfall of wages that would allow Mr. Morris to have earned the federally mandated minimum wage of $7.25 per hour.

## CAUSE OF ACTION
## AND DAMAGES SOUGHT

### Violation of the FLSA – Failure to pay overtime wages and straight-time wages at the federally mandated minimum wage rate (29 U.S.C. §§ 206-207)

23. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

24. Mr. Morris was a non-exempt employee – that is, he was entitled to receive overtime wages under the FLSA for all hours he worked in excess of forty (40) during each seven-day workweek. Further, for all hours worked, Mr. Morris was entitled to receive a minimum hourly wage of $7.25, the prevailing minimum hourly wage rate.

25. Defendants' failure to pay Plaintiff time-and-a-half for the hours he worked in excess of forty (40) per workweek violates 29 U.S.C. § 207.

26. Additionally, Defendants' practice of failing to pay Plaintiff at the minimum rate of $7.25 for all hours worked violates 29 U.S.C. § 206.

27. Defendants' violations of the FLSA were willful.

28. Mr. Morris seeks (a) all unpaid overtime wages, (b) all amounts owed as to minimum wages (i.e., $7.25 less what Mr. Morris received per hour), and (c) liquidated damages in amounts equaling the unpaid overtime and the unpaid minimum wage.

29. Further, Mr. Morris seeks attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

30. Mr. Morris also seeks post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## JURY DEMAND

31. Mr. Morris makes a formal demand for jury trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kevin Morris respectfully requests that upon jury trial and verdict in his favor, the Honorable Court enter a Final Judgment against Defendants East Mount Business, LLC, and Rahim Momin, assessing jointly and severally, the following:

a. Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Mr. Morris all overtime wages at one and one half times his base hourly rate for hours he worked in excess of 40 during each seven-day workweek;

b. Declare the Defendants violated 29 U.S.C. § 206 by paying Mr. Morris a straight-time wage at an hourly rate below the federally prescribed minimum wage rate of $7.25 for all hours he worked during each seven-day workweek;

c. Declare the Defendants' violations of the FLSA are willful;

d. Order Defendants to pay all overtime wages due, all minimum wages due, liquidated damages, Plaintiff's reasonable attorneys' fees, and costs of litigation;

e. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees and costs, awarded against the Defendants; and,

f. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to Plaintiff.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: <u>*/s/ Salar Ali Ahmed*</u>
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 S.W. Freeway, Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Kevin Morris**